UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY ALLAN SCHLAKE,

    Petitioner,

v.                                      Case No. 5:17cv150-MCR-CJK

BLACKMON, WARDEN,
FCI MARIANNA,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court are a petition (doc. 1) and amended petition (doc. 5) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as well as defendant's motion to dismiss (doc. 13), to which petitioner responded in opposition (doc. 15). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned recommends defendant's motion be granted and the petition and amended petition dismissed for lack of jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate currently confined at the Federal Correctional Institution in Marianna, Florida, serving sentences imposed by the United States

District Court for the District of Montana in *United States v. Schlake*, Case Number CR-04-13-M-DWM, and *United States v. Schlake*, Case Number CR-06-51-M-DWM. Doc. 13 at pp. 1-2. In Case No. CR-04-13-M-DWM, petitioner was convicted of one count of using the internet to entice someone he thought was under the age of 16 to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Doc. 13 at p. 1. In Case No. CR-06-51-M-DWM, petitioner was convicted of one count of using the internet to entice a 13-year old girl to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Doc. 13 at pp. 1-2. For both convictions, petitioner is serving a sentence of 270 months in prison. Doc. 1 at p. 7, doc. 13 at p. 2.

In February 2018, petitioner filed a motion in both cases, pursuant to Fed. R. Civ. P. 60, asserting lack of federal jurisdiction. Doc. 13 at p. 2. The court recharacterized the motion as a petition brought pursuant to 28 U.S.C. § 2255. Doc. 13 at p. 2. Because petitioner had already filed a § 2255 petition in both cases and had not received authorization to file a second or successive petition, the court dismissed the petition for lack of jurisdiction and denied a certificate of appealability. Doc. 13 at pp. 2-3.

On March 1, 2018, petitioner filed the instant petition for writ of habeas corpus (doc. 1), followed by an amended petition (doc. 5), pursuant to 28 U.S.C. § 2241. Petitioner challenges his conviction and sentence, arguing he is actually

innocent of the sentence enhancements imposed.  Doc. 1 at pp. 3-4.  Petitioner also argues the court lacked jurisdiction because "local authorities never investigated the alleged state allegation to verify whether or not [he] violated the interstate commerce clause to warrant federal intervention" and the "[f]ederal prosecutor never proved [he] violated the interstate commerce clause giving them authority to prosecute [him]."  Doc. 5 at p. 5.  The United States has filed a motion to dismiss, arguing the court lacks jurisdiction to consider the petition because petitioner has neither raised claims outside the scope of § 2255 nor satisfied the requirements of the § 2255(e) "saving clause" and thus cannot proceed under § 2241.  *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017).

## DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence.").  "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if he establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081.

In *McCarthan*, the Eleventh Circuit, overruling prior circuit precedent, established a new test for determining when a prisoner can proceed under § 2241. *Id*. at 1082. The court held "[a] motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id.* at 1099; *see also id.* at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of

good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, — F. App'x —, 2017 WL 1430875, at *1 (11th Cir. Apr. 24, 2017) (*citing McCarthan*, 851 F.3d at 1085-88).

Petitioner maintains he satisfies the requirements of the § 2255(e) saving clause because his claim is based on a retroactively applicable Supreme Court decision, *Burrage v. United States*, 571 U.S. —, 134 S. Ct. 881 (2014),[1] and the district court lacked jurisdiction over the criminal cases. Doc. 1 at p. 3, Doc. 5 at p. 2. Petitioner, nevertheless, does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's contentions – that there was insufficient evidence to support his sentence enhancements and the court lacked jurisdiction -- are precisely the types of claims a motion to vacate is designed to remedy. Petitioner, in fact, brought the claims in a prior § 2255 motion, which was denied. Because petitioner's § 2241 claims are traditional claims attacking his sentence that can be brought in a motion to vacate, the remedy by motion under § 2255 is adequate and effective to

---

[1] In *Burrage*, the Supreme Court held: "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 134 S. Ct. at 892.

test the legality of his detention.  Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1.  That defendant's motion to dismiss (doc. 13) be GRANTED and the petition (doc. 1) and amended petition (doc. 5) for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 5) DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of December, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:17cv150-MCR-CJK